IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01343-BNB

TOMMIE CHARLES BRADLEY, JR.,

    Applicant,

v.

STEVEN HARTLEY, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 15 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DRAWING CASE
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

I. Background

Applicant Tommie Charles Bradley, Jr., is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. Mr. Bradley initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Case No. 96CR1162 in the El Paso County District Court of Colorado. In an order filed on June 17, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 8, 2009, Respondents filed a Pre-Answer Response. Mr. Bradley did not file a Reply to the Pre-Answer Response.

In the Application, Mr. Bradley asserts that following a jury trial he was convicted on February 7, 1997, of first degree assault in the heat of passion and three counts of menacing and was sentenced to thirty years of incarceration. (Application at 1-2.) He further asserts he filed a direct appeal, in which the Colorado Supreme Court affirmed his conviction on September 27, 1999. (Application at 3.) Mr. Bradley also states that he filed a Colo. R. Crim. P. 35(c) postconviction motion on February 22, 2000, in which the Colorado Supreme Court denied review on February 9, 2009.

II. Analysis

The Court must construe liberally Mr. Bradley's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Bradley raises six claims in the Application including: (1) trial court abuse of discretion in denying a challenge for cause of a juror; (2) trial court error in refusing to grant a mistrial because a daughter of a juror was at the scene of the crime; (3) ineffective assistance of counsel in trial attorney's failure to consult an expert witness; (4) ineffective assistance of counsel in trial attorney's failure to move to suppress an unrelated gun; (5) ineffective assistance of counsel in trial attorney's failure to call a crucial defense witness to testify; and (6) ineffective assistance of counsel in trial counsel's failure to conduct a reasonable investigation.

A. 28 U.S.C. § 2244(d) Time-Bar

Respondents concede that Mr. Bradley's Application appears to be timely under 28 U.S.C. § 2244(d). The only time not tolled for the purposes of § 2244(d), is from

December 28, 1999, the day after Mr. Bradley's conviction became final, until July 30, 2000, the day prior to when Mr. Bradley filed his Rule 35(c) postconviction motion, and from February 10, 2009, the day after the Colorado Supreme Court denied his petition for certiorari review in his postconviction motion, until May 25, 2009, the day prior to when he signed and dated the instant action for filling in this Court. The total time is less than one year. The Court agrees with Respondents that the Application is timely under § 2244(d).

B.  State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

3

to support the federal claim were before the state courts." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. **See Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. **Steele v. Young**, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." **See Hickman v. Spears**, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. **Steele**, 11 F.3d at 1524 (citing **Coleman v. Thompson**, 501 U.S. 722, 735 n.1 (1991); **Harris v. Reed**, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental

miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Bradley's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts [ ] an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Respondents contend Claims Three through Six are exhausted, but Claims One and Two are procedurally barred. Respondents further contend that Claim One also was not raised in Mr. Bradley's petition for certiorari review to the Colorado Supreme Court and, therefore, if not found to be procedurally barred, still is unexhausted.

In the opening brief of his direct appeal before the Colorado Court of Appeals, Mr. Bradley asserted that a potential juror must be disqualified if he will not "render a fair and impartial verdict based on the evidence presented at trial and the instruction given by the court," citing to *People v. Abbott*, 690 P.2d 1263, 1267 (Colo. 1984), and that "[a] juror should be dismissed if there is a sufficient reason to question his impartiality," citing to *Nailor v. People*, 612 P.2d 79 (1980).

5

In *Abbott*, the court stated that a defendant accused of a crime has a fundamental right to a trial by jurors who are fair and impartial. *Abbott*, 690 P.2d at 1267. The defendant in *Abbott* relied on the Fourteenth Amendment for his right to a fair and impartial jury. Also, in *Nailor*, the court found that it is "fundamental to the right to a fair trial that a defendant be provided with an impartial jury." *Nailor*, at 32. As the Court stated above, fair presentation of a federal habeas corpus claim in a state court does not require that an applicant cite book and verse on the federal constitution right. The cases to which Mr. Bradley cited in his opening brief, and the determination by the Colorado Court of Appeals that the state court did not abuse its discretion in finding that the juror in question could be fair and impartial, establish that Mr. Bradley presented a federal habeas claim on direct appeal regarding disqualification of a prospective juror.

With respect to Claim Two, Applicant, again relying on *Abbott*, asserted in the opening brief in his direct appeal before the Colorado Court of Appeals that a defendant has a fundamental right to a trial by jurors who are fair and impartial that is guaranteed by the Bill of Rights under *Irvin v. Dowd*, 366 U.S. 717 (1961). It is clear that Applicant intended in his direct appeal to raise a federal constitutional claim with respect to his mistrial claim.

Although Mr. Bradley refers to the Fourth Amendment in his Application under both Claims One and Two, it is clear that Mr. Bradley is basing both claims on his right to due process. Furthermore, there is nothing more fundamental in a defendant's right to due process than the right to a fair and impartial jury. Although the analysis performed by the Colorado Court of Appeals was based on whether the trial court abused its discretion, the issue in question in both Claim One and Two in state court

was whether the jurors in question could be fair and impartial.  Mr. Bradley makes essentially the same arguments in his habeas Application in Claims One and Two as he did in his opening brief in his direct appeal.  A change in labeling and failure to cite to federal cases does not support an argument that a state court did not have an opportunity to consider a federal habeas claim.  **See Nichols v. Sullivan**, 867 F.2d 1250, 1253 (10th Cir. 1989). Claims One and Two, therefore, are exhausted.

Respondents also argue that Claim Two is not exhausted because Mr. Bradley failed to present the claim to the Colorado Supreme Court.  In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available.  **See O'Sullivan v. Boerckel**, 526 U.S. 838, 845 (1999).  Under Colorado law,

> [i]n all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a).  Justice Souter, in his concurring opinion in **O'Sullivan**, provides an example of when state supreme court review is unavailable.  **O'Sullivan**, 526 U.S. at 849.  The language Justice Souter quotes is taken from a South Carolina Supreme Court decision in **In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases**, 321 S.C. 563, 471 S.E.2d 454 (1990), and mirrors the language in Rule 51.1, in stating

> a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

*In re Exhaustion of State Remedies*, 321 S.C. at 564. The Court, therefore, finds that Colo. App. R. 51.1 makes review in the Colorado Supreme Court unavailable for the purposes of the exhaustion requirement.

Furthermore, four circuit courts have concluded that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-04 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 403-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). The Court is not aware of any case that reaches a contrary conclusion.

The cases Respondents cite in support of their contention that Mr. Bradley must petition the Colorado Supreme Court do not stand for the argument they are attempting to make. First, in *Hills v. Washington*, 441 F.3d 1374, 1378 (11th Cir. 2006), the Eleventh Circuit vacated the district court's dismissal of the petitioner's habeas corpus action on procedural bar grounds and remanded the case to the district court for a proper review of the petitioner's claims under 28 U.S.C. § 2254(d). The Eleventh circuit, however, did not address any *O'Sullivan* issues, because the state waived the procedural bar defense. *Hills*, 441 F.3d at 1377. Second, in *Dixon v. Dormire*, 263

F.3d 774, (8th Cir. 2001), the case was remanded to the district court for consideration of the petitioner's claims on the merits. The Eighth Circuit in *Dixon* found that it was improper to bar the claims based on the petitioner's failure to seek discretionary review in the state supreme court. Moreover, in *Randolph*, the Eighth Circuit found that in light of the Missouri Supreme Court's amendment of Rule 83.04, which governs a petition for transfer to the supreme court, the language of the amended portion of the rule "makes clear that Missouri does not consider a petitioner who bypasses its supreme court in favor of federal habeas review to have denied the State its rightful 'opportunity to resolve federal constitutional claims.' " *Randolph*, 276 F.3d at 404 (citing *O'Sullivan*, 526 U.S. at 845).

"[T]here is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *See O'Sullivan*, 526 U.S. at 847-48. If a state articulates that a certain avenue for relief is not part of its standard appellate review process, a defendant is not required to pursue that avenue in order to exhaust state remedies. *See O'Sullivan,* 526 U.S. at 844-847. In adopting Colo. App. R. 51.1, the State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process.

Respondents next argue that, assuming Colo. App. R. 51.1 eliminates the need to seek review in the Colorado Supreme Court in order to exhaust state remedies, the rule does not apply to Mr. Bradley's direct appeal because at the time of his petition for writ of certiorari review Colo. App. R. 51.1 had not been enacted. Respondents primarily rely on *Wenger v. Frank* , 266 F.3d 218 (3d Cir. 2001), to support their argument that Colo. App. R. 51.1 cannot be applied retroactively to Mr. Bradley's direct

9

appeal. In *Wenger*, the United States Court of Appeals for the Third Circuit concluded that a Pennsylvania Supreme Court rule eliminating the need to seek discretionary review in that court in order to exhaust state remedies was not retroactive. *See id.* at 226. The Third Circuit based its conclusion on the prospective language of the Pennsylvania Supreme Court rule, a finding that the primary purpose of the Pennsylvania Supreme Court rule would not be served by retroactive application, and the Third Circuit's view that whether a particular remedy was or was not available is a question of objective historical fact that cannot be retroactively altered. *See id.* at 225-26.

In contrast to *Wenger*, two other circuit courts have held that rules in Tennessee and Missouri, which are similar to both the Pennsylvania Supreme Court Rule at issue in *Wenger*, and Colo. App. R. 51.1, do apply retroactively. *See Adams*, 330 F.3d at 405; *Randolph*, 276 F.3d at 404. In *Randolph*, the Eighth Circuit reasoned that the Missouri rule was retroactive because the rule purported to clarify existing law and not change the law. *See Randolph*, 276 F.3d at 404. In *Adams*, the Sixth Circuit similarly concluded that the Tennessee rule was retroactive because the rule merely clarified the existing law in Tennessee. *See Adams*, 330 F.3d at 405. Significantly in *Adams*, the Tennessee rule expressly provided that it was applicable "[i]n all appeals from criminal convictions or postconviction relief matters from and after July 1, 1967." *See id.* at 401.

The Court finds that Colo. App. R. 51.1 is most like the Tennessee rule at issue in *Adams*. Like the Tennessee rule, the plain language of Colo. App. R. 51.1 expressly provides that it applies to "all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974." The Court, therefore, finds that Colo. App. R. 51.1

is merely a clarification of the existing law in Colorado and, as a result, Colo. App. R. 51.1 is retroactive to Mr. Bradley's direct appeal. Mr. Bradley, therefore, has exhausted Claim One.

III. Conclusion

Accordingly, it is

ORDERED that the Application, including all five claims, shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 14 day of Sept., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01343-BNB

Tommie Charles Bradley, Jr.
Prisoner No. 92644
Arrowhead Corr. Facility
P.O. Box 300 - Unit CMC-ACC-E
Cañon City, CO 81215-0300

Matthew S. Holman
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/15/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk